# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **GULF HAULAGE HEAVY LIFT CO.,** | § |
| | § |
|     **Petitioner,** | § |
| | § |
| v. | §   **Civil Action No. _____** |
| | § |
| **SWANBERG INTERNATIONAL, LTD.,** | § |
| | § |
|     **Respondent.** | § |

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioner Gulf Haulage Heavy Lift Co., by and through its undersigned counsel, hereby petitions this Court for an order pursuant to 9 U.S.C. § 207, (i) confirming and recognizing the arbitral award rendered in the Kingdom of Saudi Arabia on April 12, 2017 in the arbitration between Petitioner and Respondent Swanberg International, Ltd., (ii) entering judgment in Petitioner's favor against Swanberg in the amounts of the Award, plus post-judgment interest, (iii) awarding Petitioner its attorney's fees and expenses incurred in filing and prosecuting this Petition and, if necessary, in seeking execution of this Court's judgment, (iv) awarding Petitioner the costs of this proceeding, and (v) awarding Petitioner such other and further relief as this Court deems just and proper.

## I.     The Parties

1. Petitioner Gulf Haulage Heavy Lift Co. ("Petitioner" or "GHHL") is a company organized and existing under the laws of the Kingdom of Saudi Arabia with its principal place of business in Dammam, Kingdom of Saudi Arabia.

2. Respondent Swanberg International, Ltd. ("Respondent" or "Swanberg") is a corporation organized and existing under the laws of Barbados with its principal place of business in this district at 5851 San Felipe, Suite 700, Houston, Texas, 77057.

3. Although Swanberg transacts business in the State of Texas, it has not designated or maintained a registered agent for service of process.

4. Swanberg can be served through Swanberg's Chairman and Chief Executive Officer, Charles Newcomb, at its principal place of business; or, alternatively, through any of Swanberg's other officers, managing or general agents, or other agents expressly or impliedly authorized by appointment or by law to receive service of process;[1] or, alternatively, through the Texas Secretary of State (*see* TEX. BUS. ORGS. CODE § 5.251); or, alternatively, by following Texas law for serving a summons in an action brought in the courts of general jurisdiction in Texas; or, alternatively, through any internationally agreed means of service that

---

[1] For instance, Swanberg can be served through Swanberg's President and Director, Buck Kilgour; Swanberg's Chief Financial Officer and Director, George Reese; Swanberg's Independent Director, Dean Swanberg; or Swanberg's Controller, Jay T. Irwin.

is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;[2] or, alternatively, by any other method allowed by law or ordered by this Court.

## II. Jurisdiction and Venue

5. Petitioner brings this summary proceeding pursuant to the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention") and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 *et seq.*, to confirm a duly-rendered arbitration award issued in Petitioner's favor against Respondent.

6. This Court has subject matter jurisdiction over this Petition pursuant to 9 U.S.C. § 203, which provides the United States District Courts have original jurisdiction over an action or proceeding falling under the New York Convention, regardless of the amount in controversy. This Petition falls under the New York Convention.

7. Additionally or in the alternative, this Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331, which provides that the United States District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This Petition

---

[2] On information and belief, Swanberg has a presence or agent at The Brick House, Suite 6, Bay Street, St. Michael, Barbados.

arises under the New York Convention (a treaty of the United States) and the FAA (a law of the United States).

8. This Court has personal jurisdiction over Swanberg by virtue of its principal place of business in the State of Texas; or, alternatively, its continuous and systematic contacts with the State of Texas; or, alternatively, its transaction of business or its commission of tortious or wrongful acts in the State of Texas; or, alternatively, its minimum contacts with the State of Texas; or, alternatively, its direct or indirect maintenance of assets in the State of Texas which may be executed upon in satisfaction of any judgment entered in Petitioner's favor herein.

9. Venue is proper in this district pursuant to 9 U.S.C. § 204 as the dispute subject to the arbitration between GHHL and Swanberg could have been brought in this district pursuant to 28 U.S.C. § 1391, save for the arbitration agreement.

### III.   Factual Background

**A.   The Contracts**

10. Petitioner GHHL is a market leader in the heavy transportation and lifting industry in Saudi Arabia and the Middle East. Respondent Swanberg is a transportation and logistics company headquartered in Houston, Texas with operations around the world. Swanberg's core business is dismantling, transporting, and erecting drilling and work-over rigs.

11. On or about June 24, 2013, GHHL and Swanberg entered into a written Memorandum of Understanding ("MOU") for the purpose of forming a new business venture between them that would operate in Saudi Arabia. Exhibit A. Under the MOU, GHHL would acquire from Swanberg 80% of Swanberg's Saudi equipment and contribute them to a new Saudi corporation, while Swanberg would contribute the remaining 20% of its Saudi equipment to the new corporation. In the MOU, this new corporation was provisionally called "NEWCO."

12. To effectuate the proposed business venture through NEWCO, the MOU called for GHHL and Swanberg to enter into two further agreements: (i) A Shareholders Agreement, under which GHHL and Swanberg would form, own and manage the NEWCO, and (ii) an Asset Purchase Agreement, under which GHHL would acquire from Swanberg 80% of Swanberg's Saudi equipment. Pending the formation of NEWCO, GHHL and Swanberg agreed in the MOU that they would provisionally operate their combined business on a contract basis by way of a joint venture owned 80% by GHHL and 20% by Swanberg.

13. In 2013, after the MOU had been executed, GHHL and Swanberg executed a written Shareholders Agreement and a written Asset Purchase Agreement. Exhibits B and C. Each of these agreements was dated June 24, 2013 (which was the effective date of the MOU). Consistent with the MOU, the

Shareholders Agreement provided that the GHHL and Swanberg would form, own and manage a new limited liability company under the laws of Saudi Arabia. Likewise consistent with the MOU, the Asset Purchase Agreement provided that GHHL would purchase from Swanberg an undivided 80% ownership interest in certain of Swanberg's Saudi equipment in exchange for a purchase price of US$ 6,800,000 (six million eight hundred thousand U.S. dollars).

14. Both of the agreements were governed by the laws of Saudi Arabia. In addition, the Shareholders Agreement contained at Article 17 an arbitration agreement providing that disputes arising thereunder would be referred to arbitration in Dammam, Saudi Arabia in accordance with the laws of the Kingdom of Saudi Arabia. The Asset Purchase Agreement at Article 9, in turn, incorporated by reference the arbitration agreement set forth in Article 17 of the Shareholders Agreement.

15. After executing these agreements, GHHL paid to Swanberg a total of US$ 5,330,000 (five million three hundred and thirty thousand U.S. dollars) toward the total purchase price of the equipment under the Asset Purchase Agreement. In addition, because Swanberg had delivered the equipment in poor condition, GHHL expended the equivalent of 778,251 (seven hundred and seventy eight thousand two hundred and fifty one) Saudi Riyals to repair and maintain certain equipment identified in the Asset Purchase Agreement.

16. GHHL considered that given the poor condition of the equipment delivered by Swanberg, the $6.8 million purchase price exceeded the equipment's fair market value. Even so, GHHL remained willing to proceed with the formation of the new company that was to be jointly owned with Swanberg on the agreed terms, so long as Swanberg upheld its end of the bargain.

17. Thus GHHL, for its part, performed the legal requirements to establish the new jointly owned company as contemplated in the MOU and Shareholders Agreement. However, when GHHL asked Swanberg to complete the required documents and to execute the power of attorney in order to finalize the registration of the new company under Saudi law, Swanberg did not respond. Thus, despite GHHL having purchased from Swanberg its share of the equipment to be contributed as shareholder capital to the newly formed company, and despite GHHL having paid (indeed, overpaid) Swanberg for this equipment, Swanberg prevented the new company from being formed.

B. **The Arbitration Agreement and the Arbitration Proceeding**

18. GHHL and Swanberg mutually decided to refer their dispute to arbitration in accordance with the arbitration agreement in the Shareholders Agreement (at Article 17) and the Asset Purchase Agreement (at Article 9). In fact, it was Swanberg who first initiated the arbitration by asserting claims against GHHL. Thus, Swanberg was identified as the "Claimant" throughout the

arbitration proceeding. Conversely, GHHL as the "Respondent" asserted counterclaims against Swanberg.

19. On or about March 10, 2016, GHHL and Swanberg, through respective Saudi counsel of their choosing, entered into a written agreement to refer their dispute to arbitration ("Arbitration Agreement"). Exhibit D-1 (Arabic Original of Arbitration Agreement) and D-2 (English Certified Translation of Arbitration Agreement). The Arbitration Agreement confirmed, among other things, the appointment of a three-arbitrator panel that would conduct a hearing at the Chamber of Commerce and Industry in Dammam, Saudi Arabia. GHHL and Swanberg additionally confirmed in the Arbitration Agreement that the award of the panel "shall be irrevocable, binding on the parties, resolving the dispute and enforceable after being approved by the party competent to decide upon the dispute." Exhibit D-2, page 4.

20. Swanberg and GHHL, continuing to be represented by respective Saudi counsel of their choosing, had the opportunity to participate and to be heard in the arbitration. Each party made written submissions to the panel, presented evidence, attended the hearing, and otherwise fully participated in the arbitration.

C. **The Award**

21. The panel decided the dispute between GHHL and Swanberg in a final award numbered 5/1438 and dated April 12, 2017 ("Award"). Exhibit E-1

(Arabic Original of Award) and E-2 (English Certified Translation of Award).  As both parties had requested, the panel unanimously ordered the termination of the June 24, 2013 partnership between Swanberg and GHHL.  In this connection, the panel considered that "the termination of partnership requires to reinstate the Parties to the condition prior to contracting."  Exhibit E-2, page 13.  Accordingly, among other relief, the panel unanimously ordered Swanberg to pay to GHHL:

- US$ 5,330,000 (five million three hundred and thirty thousand U.S. dollars), in respect of the amounts previously paid by GHHL toward purchase of the equipment; and

- 778,251 Saudi Riyals (seven hundred and seventy eight thousand and two hundred and fifty one Saudi Riyals), in respect of the amount expected by GHHL for repair and maintenance of the equipment.

22. Soon after the Award was issued, GHHL requested in writing on multiple occasions in 2017 that Swanberg comply with the Award's terms by making the ordered payments to GHHL.  Swanberg did not respond to these repeated requests.

23. Swanberg's silence amounted to an unjustified refusal to abide by the Award.

### D.     Post-Award Proceedings in Saudi Arabia

24. Rather than comply with its obligations under the Award, Swanberg sought to challenge the Award in the courts of Saudi Arabia. On November 14, 2017, Swanberg filed an action in the Court of First Appeal in the Eastern Province of Saudi Arabia ("Saudi Court") seeking to set aside or annul the Award. GHHL opposed this relief and, for its part, requested that the Award be executed.

25. In a judgment issued on February 18, 2018 ("Judgment"), the Saudi Court held that the Award was not contrary to the laws of Saudi Arabia, including its arbitration law. Exhibit F-1 (Arabic Original of Judgment) and F-2 (English Certified Translation of Judgment). Accordingly, in the Judgment, the Saudi Court ordered execution on the Award. Its Judgment specifically ordered Swanberg to make the same payments as the panel had previously ordered in the Award. However, just as Swanberg had failed to comply with the Award, Swanberg failed to comply with the Judgment of the Saudi Court.

26. In 2018, through the undersigned counsel, GHHL demanded that Swanberg fulfill its obligations under the Award by making the ordered payments. In response, Swanberg refused through its counsel, which refusal amounted to an unjustified refusal to abide by the Award. Thus, GHHL, through undersigned counsel, has been forced to file this Petition to preserve and enforce its rights.

## IV. Causes of Action

### A. Confirmation of Award

27. Petitioner repeats and realleges the allegations in paragraphs 1 through 26 as if set forth fully herein.

28. Pursuant to 9 USC § 201, the New York Convention shall be enforced in the United States in accordance with Chapter 2 of the FAA.

29. The arbitration agreement described herein at paragraphs 14 and 18 through 19 constitutes "an agreement in writing" within the meaning of the New York Convention. The Award described at paragraph 21 is an "award" within the meaning of the New York Convention.

30. The Award arises out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

31. The Award was made in the Kingdom of Saudi Arabia, a nation that is a signatory to the New York Convention, and which is a State other than the State where recognition and enforcement is sought hereby.

32. The United States is also a signatory to the New York Convention.

33. The Award is final and binding within the meaning of the New York Convention and Chapter 2 of the FAA.

34. None of the grounds for refusal or deferral of recognition or enforcement of the Award set forth in the New York Convention applies.

35. The Award is required to be confirmed and judgment is required to be entered thereon pursuant to the New York Convention and 9 U.S.C. § 207.

**B.  Attorney's Fees and Expenses**

36. Petitioner repeats and realleges the allegations in paragraphs 1 through 35 as if set forth fully herein.

37. Swanberg has unjustifiably refused to abide by the Award. Swanberg's unjustified refusal equates to an act taken in bad faith, vexatiously or for oppressive reasons. Swanberg is liable for GHHL's attorney's fees and expenses incurred in filing and prosecuting this Petition and, if it becomes necessary, in seeking execution on this Court's judgment.

### V.  Exhibits to Petition

38. For the convenience of the Court and of the parties, the following table lists the exhibits attached to this Petition:

| Exhibit | Description |
|---|---|
| A | Memorandum of Understanding between Swanberg International, Ltd. and Gulf Haulage Heavy Lift Co., dated June 24, 2013 |
| B | Shareholders Agreement between Swanberg International, Ltd. and Gulf Haulage Heavy Lift Co., dated June 24, 2013 |
| C | Asset Purchase Agreement between Swanberg International, Ltd. and Gulf Haulage Heavy Lift Co., dated June 24, 2013 |
| D-1 | (Arabic Original) Arbitration Agreement between Swanberg International, Ltd. and Gulf Haulage Heavy Lift Co., dated March 10, 2016 |

| D-2 | (Certified English Translation) Arbitration Agreement between Swanberg International, Ltd. and Gulf Haulage Heavy Lift Co., dated March 10, 2016 |
|---|---|
| E-1 | (Arabic Original) Arbitration Award in *Swanberg International Ltd. v. Gulf Haulage Heavy Lift Co.* (Arbitration), dated April 12 2017 |
| E-2 | (Certified English Translation) Arbitration Award in *Swanberg International Ltd. v. Gulf Haulage Heavy Lift Co.* (Arbitration), dated April 12 2017 |
| F-1 | (Arabic Original) Judgement for Appeal NO: 144/Judicial of the year 1439 H |
| F-2 | (Certified English Translation) Judgement for Appeal NO: 144/Judicial of the year 1439 H |

## VI.     Request for Relief

39. WHEREFORE, Petitioner GHHL prays:

   a) That the Court enter an order pursuant to 9 U.S.C. § 207 confirming the Award;

   b) That, on the basis of the confirmed Award, the Court enter judgment that Swanberg is liable to GHHL in the amount of US$ 5,330,000 and 778,251 Saudi Riyals, plus post-judgment interest on these amounts at the rate set forth in 28 U.S.C. § 1961;

   c) That, in the judgment, the Court order Swanberg to pay GHHL's attorney's fees and expenses incurred in filing and prosecuting this Petition and, if necessary, in seeking execution of the judgment;

d) That, in the judgment, the Court order Swanberg to pay to GHHL the costs of this proceeding; and

e) That GHHL be awarded such other and further relief as may be proper.

Dated: November 19, 2018

Respectfully submitted,

*/s/ C. Mark Baker*
   C. Mark Baker
   State Bar No. 01566010
   S.D. Tex. Bar No. 993
   mark.baker@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Denton Nichols
State Bar No. 24079056
S.D. Tex. Bar. No. 2078406
denton.nichols@nortonrosefulbright.com

Attorney-in-Charge for Petitioner Gulf Haulage Heavy Lift Co.