UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF HAULAGE HEAVY LIFT CO., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-04392 |
| | § | |
| SWANBERG INTERNATIONAL LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Gulf Haulage Heavy Lift Co.'s ("GHHL") Motion to Enforce the Arbitral Award (Doc. #11) and Swanberg International Ltd.'s ("Swanberg") Response (Doc. #15). Also, before the Court are Swanberg's Opposed Motion to Vacate (Doc. #13) and GHHL's Response (Doc. #18). Additionally, the Court heard oral argument from the parties. Doc. #34. Having considered the parties' arguments, submissions and the applicable legal authority, the Court grants GHHL's Motion to Enforce the Award and denies Swanberg's Motion to Vacate.

**I. Background**

This case concerns an Arbitration Award (the "Award") issued out of an arbitration proceeding between Swanberg and GHHL that took place in the Kingdom of Saudi Arabia ("Saudi Arabia") and was conducted under the laws of the of Saudi Arabia. The final Award was rendered by the Saudi Arbitration Tribunal on April 12, 2017. On November 15, 2017, Swanberg made an application to the Saudi Court of Appeals to set aside the Award. On February 18, 2018, the Saudi Court of Appeals found that the award was rendered in accordance with Saudi law and ordered that the Award be executed. Doc. #1, Ex. 10. GHHL made several demands for payment of the Award from Swanberg and made a final demand for payment on September 20, 2018. Doc. #11, Ex. 2. GHHL now petitions this Court to recognize and enforce the Award. Doc. #1;

Doc. #11. Subsequent to GHHL's Motion to Enforce the Award, Swanberg filed a Motion to Vacate the Award.

The issue before the Court is whether this Court will recognize and enforce the Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the New York Convention) (the "Convention"). *See* 9 U.S.C. § 201 *et seq.*

**II.    Legal Standard**

"Though its 'essential purpose' relates to the recognition and enforcement of foreign arbitral awards, 'the underlying theme of the Convention as a whole is clearly the autonomy of international arbitration.'" *Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 746 (5th Cir. 2008). "To this end, the Convention 'mandates very different regimes for the review of arbitral awards (1) in the countries in which, or under the law of which, the award was made'—countries of primary jurisdiction, 'and (2) in other countries where recognition and enforcement are sought'"—countries of secondary jurisdiction. *Id.* (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003) ("*Kahara Bodas II*") (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)).

"The role assigned to courts of secondary jurisdiction is a limited one." *Gulf Petro*, 512 F.3d at 753. "It is undisputed that the Convention precludes a court of secondary jurisdiction from vacating, setting aside, or modifying a foreign arbitral award." *Id.* In a court of secondary jurisdiction "parties can only contest whether [the county of secondary jurisdiction] should enforce the arbitral award." *Id.* at 746 (quoting *Kahara Bodas II*, 335 F.3d at 364); *see also* 9 U.S.C. § 207. Article V of the Convention "enumerates the exclusive grounds on which a court of secondary jurisdiction may refuse recognition and enforcement of an award." *Id.* at 747; *see also* 9 U.S.C. § 207.

Being limited to the grounds specified in the Convention, a "district court's review of an award is extraordinarily narrow." *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015) (citations omitted). Moreover, all "[d]efenses to enforcement under the New York Convention are construed narrowly[.]" *Kahara Bodas II*, 364 F.3d at 288. "The party opposing enforcement of the award on one of the grounds specified in the Convention has the burden of proof." *Asignacion*, 783 F.3d at 1015–16; *see also* Convention, art. V(1) (party opposing enforcement must furnish "proof"). Even if the party opposing enforcement managed to prove any of the specified grounds, it would mean only that "the court *may* refuse enforcement," not that it must do so. *Kahara Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 368 (5th Cir. 2003) ("*Kahara Bodas I*") (emphasis in original, citing Convention, art. V).

### III. Analysis

The parties agree that the proceedings filed in this Court are initiated under the Convention of which both Saudi Arabia and the United States are signatories. *See* 9 U.S.C. § 201 *et seq*. The Convention "provides that a party can obtain enforcement of its award by furnishing to the putative enforcement court the authenticated award and the original arbitration agreement (or certified copy of both)." *Gulf Petro*, 512 F.3d at 747. GHHL attached the Arbitration Agreement and the Award to its enforcement petition. Doc. #1, Ex. 5–8.

#### A. Swanberg's Motion for Vacatur

Under the Convention, the court of primary jurisdiction for the enforcement and recognition of foreign arbitral awards is the country under the law of which the arbitration was made or the country in which the arbitration proceeding took place. *Gulf Petro*, 512 F.3d at 747 (quoting *Kahara Bodas I*, 335 F.3d at 364). Here, the Saudi Arabian courts are the courts of

primary jurisdiction for proceedings involving the Award. All other signatory countries are then said to be secondary jurisdictions. *Id.* Accordingly, this Court is sitting in secondary jurisdiction for matters involving this Award.[1]

"[A] United States court sitting in secondary jurisdiction lacks subject matter jurisdiction over claims seeking to vacate, set aside, or modify a foreign arbitral award." *Gulf Petro*, 512 F.3d at 747 (citations omitted). Accordingly, because this Court is a court of secondary jurisdiction, it does not have subject matter jurisdiction over Swanberg's claims seeking to vacate the Award. Therefore, Swanberg's Motion to Vacate the Award is denied.

### B. GHHL's Motion to Enforce the Arbitral Award

In Swanberg's Response to GHHL's Motion to Enforce the Award, Swanberg merely restates the arguments that it made in its Motion to Vacate. *Compare* Doc. #13 *with* Doc. #15. As addressed above, vacatur arguments are not appropriately made to this Court as a court of secondary jurisdiction. The Court notes that the grounds specified in the Federal Arbitration Act ("FAA") for potentially vacating a domestic award under 9 U.S.C. § 10 *et seq.*, are not grounds specified in the Convention for refusing confirmation of a foreign arbitral award. The only grounds that a party may argue for a court to refuse enforcement of a foreign arbitral award are those specifically enumerate in the Convention. Therefore, FAA arguments to a court of secondary jurisdiction in an enforcement action are not appropriate. *See Belize Bank Ltd. v. Gov't of Belize*, 852 F.3d 1107, 1112 (D.C. Cir. 2017) (Belize Bank II) ("even if the alleged conduct did satisfy the FAA standard" the Court is unable to deny enforcement because courts may refuse to enforce international arbitration awards "only on grounds explicitly set forth in Article V" of the Convention); *see also Encyclopaedia Universalis S.A. v. Encyclopaedia*

---

[1] The parties agree that the Court is a court of secondary jurisdiction. Doc. #34 at 26:7–10.

*Britannica, Inc.*, 403 F.3d 85, 92 (2d Cir. 2005) ("[W]e have explicitly declined to read into the New York Convention additional FAA defenses.").

Specifically, Swanberg makes several arguments as to why the Court should not enforce the Award all based upon allegations that one of the arbitrators failed to disclose alleged conflicts and was therefore biased towards GHHL. Swanberg argues that enforcement of the Award would violate the public policy of the United States because one of the arbitrators was not impartial. Doc. #15 at 15. Additionally, Swanberg argues that because one of the arbitrators was not impartial, it was denied the ability to present its case. Doc. #15 at 10. Swanberg's arguments are in essence FAA based challenges appropriate in a motion to vacate based upon "evident partiality," not arguments appropriate under the Convention for a court of secondary jurisdiction to refuse the Award. *See* 9 U.S.C. § 10(a)(1–4) ("the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—where there was evident partiality or corruption in the arbitrators . . . .").

Swanberg essentially asks this Court to expand Article V of the Convention to include the vacatur argument of "evident partiality" under 9 U.S.C. § 10(a)(2). This request disregards the clear statutory command that a foreign arbitral award must be confirmed unless a ground *specified in the Convention* is proved. 9 U.S.C. § 207 (emphasis added). "Evident partiality" is not listed in the Convention as a ground to refuse confirmation of a foreign arbitral award.

In addition, Swanberg previously raised the argument which it now construes as a public policy argument concerning alleged bias of the arbitrator during its appeal of the Award.[2] There is no finding from the court of primary jurisdiction that there was evident partiality or bias

---

[2] Doc. #34 at 20.

exhibited by one of the arbitrators. Accordingly, it would not be a violation of public policy to enforce an arbitration award where no evident partiality was found. The "public policy defense is to be 'construed narrowly [and] applied only where enforcement would violate the forum state's most basic notions of morality and justice.'" *Asignacion*, 783 F.3d at 1016 (quoting *Karaha Bodas II*, 364 F.3d at 306). "The standard is high, and infrequently met." *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 938 (D.C. Cir. 2007). "The public policy exception cannot be used to simply question the merits of the underlying award." *Hardy Expl. & Prod. (India), Inc. v. Gov't of India, Ministry of Petroleum & Nat. Gas*, 314 F. Supp. 3d 95, 109 (D.C. Cir. 2018) (citations omitted). Swanberg cannot backdoor its vacatur arguments under the guise of a public policy argument to challenge the merits of the Award. Swanberg had its opportunity to set aside the Award in the court of primary jurisdiction and it was not successful. Nor has Swanberg identified any well-defined and dominant public policy, or cited any authority for its public policy arguments against enforcement of the Award. Accordingly, Swanberg's arguments on public policy grounds fail.[3]

Next, Swanberg argues that the Award should be refused because it was "unable to present its case" during the arbitration. Swanberg's argument that it was "unable to present its case" is again based upon the argument concerning the alleged partiality and bias of the arbitrator. This argument amounts to yet another attempt to re-urge a vacatur argument concerning "evident partiality" which is not a ground to refuse enforcement under the Convention.

Penultimately, Swanberg alleges that the arbitral procedure was not in accordance with the agreement between the parties because the arbitration proceedings were conducted in Arabic, the

---

[3] Swanberg also makes the argument that the "undisclosed bias" of one of the arbitrators amounted to fraud and therefore the Award should be refused. Doc. #15 at 16. Again, the argument is Swanberg's attempt to re-urge its vacatur argument by arguing that the "evident partiality" of the arbitrator amounted to fraud. For the same reasons this argument fails.

laws of Saudi Arabia were applied, and there was a panel of three arbitrators instead of a single arbitrator. Doc. #15 at 17–20. However, the Arbitration Agreement expressly states that "the Arabic language shall be the official language or the arbitration procedures, pleadings and adjudication . . . ." Doc. #1, Ex. 6 at 4. Second, the Arbitration Agreement states that the applicable law for judging between the parties is Saudi Arbitration Law. *Id.* at 4. Lastly, the Arbitration Agreement expressly states that the arbitration will be conducted by an "Arbitration Panel," not a single arbitrator. *Id.* Accordingly, Swanberg's arguments that the arbitration procedure was not in accordance with the agreement of the parties are refuted by the plain language of the Arbitration Agreement. Therefore, Swanberg's argument that the arbitration was not conducted in accordance with the agreement of the parties fails.

Finally, Swanberg argues that the Court should either refuse enforcement or stay this proceeding because the Award has not yet become binding. However, Swanberg conceded during oral argument that the Award has become binding. Doc. #34 at 25:19–24. Therefore, this argument is moot.

**IV. Conclusion**

For the foregoing reasons, Swanberg's Motion to Vacate (Doc. #13) is DENIED and GHHL's Motion to Enforce the Award (Doc. #11) is GRANTED.

It is so ORDERED

__AUG 2 6 2019__
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

7