IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GULF HAULAGE HEAVY LIFT CO., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-04392 |
| § | |
| SWANBERG INTERNATIONAL, LTD., § | |
| § | |
| Respondent. § | |

**PETITIONER GULF HAULAGE HEAVY LIFT CO.'S
REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES**

Petitioner Gulf Haulage Heavy Lift Co. ("GHHL") respectfully replies to the Response of Swanberg International, Ltd. ("Swanberg") (ECF 50) to GHHL's motion for attorney's fees (ECF 48).

### I.    ARGUMENT AND AUTHORITIES

**A.    Swanberg has failed to rebut what GHHL's Motion showed: Swanberg's opposition to confirmation of the Award was without justification and in bad faith. GHHL is accordingly entitled to an award of its attorney's fees.**

A party who successfully obtains confirmation of an arbitral award, as GHHL has done, is entitled to recover its attorney's fees where the other party opposed confirmation either without justification or in bad faith. *See* Motion at 2-3. Swanberg does not and cannot dispute this settled point of law.

Instead, Swanberg argues that extraordinary circumstances are lacking that would justify an award of attorney's fees. *See* Response at 4 ¶ 16, at 5 ¶ 18. But Swanberg's argument ignores the case law it rests upon, which holds that extraordinary circumstances are present where, *as here*, the award debtor refused to interact with the award creditor in making payment on the arbitral award. Swanberg's repeated failures to interact with GHHL in making payment

on the Award needlessly forced GHHL to file this confirmation action and incur attorney's fees in the process. This is partly why an award of attorney's fees is justified in this case.

Swanberg also argues that its opposition was not "frivolous or brought in bad faith." *Id.* at 5 ¶ 18. But Swanberg fails to specify *anything* in the record that might rebut GHHL's detailed and specific showing of Swanberg's obstructionist campaign of meritless arguments and bad faith conduct. The record amply supports awarding attorney's fees based on Swanberg's unjustified and bad faith opposition to confirmation of the Award.

In the end, none of Swanberg's arguments against an award of attorney's fees is availing. With GHHL having already shown that Swanberg's opposition was both without justification and in bad faith, an award of attorney's fees is the only just remedy.

**1.  Swanberg's refusal to interact at all with GHHL in making payment on the Award is a circumstance that justifies an award of attorney's fees.**

Swanberg argues that attorney's fees in a New York Convention confirmation action "should not be awarded except in the most extraordinary of circumstances." Response at 4 ¶ 16. But Swanberg ignores the case law underlying this proposition, which holds that attorney's fees are justified when the award debtor has simply refused to interact with the award creditor in making payment. That is exactly what happened here: Swanberg repeatedly refused to engage with GHHL in making payment on the Award, thereby forcing GHHL to file the present confirmation action. Under settled case law, GHHL is entitled to recover its attorney's fees.

In its Response, Swanberg cites a passage from a case where the court observed that attorney's fees could be awarded in "extraordinary" circumstances. *See* Response at 4 ¶ 16, citing *Matter of Arbitration Between Trans Chem. Ltd. and China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 311-12 (S.D. Tex. 1997). Relying on this passage from *Trans Chemical*, Swanberg contends that these circumstances "are not present here" to justify an award

of attorney's fees. *Id.* at 5, ¶ 18.

Swanberg ignores, however, what "extraordinary" circumstances actually means. The *Trans Chemical* decision cited by Swanberg rests on an opinion authored by then-District Judge Sonia Sotomayor (now Supreme Court Justice Sotomayor) in *Skandia America Reinsurance Corp. v. Seguras Law Republica*. Her opinion explains what "extraordinary" circumstances include:

> The [New York] convention itself prohibits signatory [countries] from imposing costs to the arbitration process that would dissuade its use. Although this law doesn't necessarily fall within that prohibition, I think that in the exercise of discretion, that a confirming court should rule against the award of attorney's fees rather than for it except in the most extraordinary circumstance, ***where a party has refused to interact at all in making payment***.

No. 96-CIV-2289, 1996 WL 622559, at *8 (S.D.N.Y. Sept. 20, 1996) (emphasis added). The *Skandia* opinion thus confirms that an award debtor's refusal to interact with the award creditor in making payment is an extraordinary circumstance that will justify granting attorney's fees.

Judge Sotomayor's *Skandia* opinion is in good company. Later courts have confirmed that an award debtor cannot simply ignore the award creditor's requests for payment. When that happens, the award creditor is entitled to the attorney's fees it incurred to obtain confirmation of the award. *See Ministry of Def. & Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, No. 98-CV-1165-B DHB, 2013 WL 55828, at *1 & *6 (S.D. Cal. Jan. 3, 2013) ("The record shows that [the award creditor] tried to settle the dispute informally . . . after the ICC issued its final award but the [award debtor] remained silent. [The award debtor's] conduct amounts to an 'unjustified refusal to abide by an arbitrator's award' and 'frivolous dilatory tactics.'"); *Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*, 926 F. Supp. 2d 1, 3 (D.D.C. 2013) ("[The award creditor] made several attempts to secure assurances from the [the award debtor] that it would honor the award, and although the [award

debtor] acknowledged receipt of those requests, it failed to substantively respond whatsoever. . . . Accordingly, [the award creditor] is entitled to an award of reasonable attorneys' fees and costs.").

In this case, the record reflects that Swanberg's repeatedly failed to interact with GHHL in making payment on the Award:

> Before commencing this Action, GHHL contacted Swanberg repeatedly to request its voluntary compliance with the Award. *See* ECF 18-1 (Decl. of Fahad Al Anazi), ¶¶ 25-26. Swanberg simply ignored these invitations. *Id.* Later, after GHHL had retained undersigned counsel but still before this Action was commenced, Swanberg attempted to excuse its nonpayment by asserting that Swanberg's "Saudi counsel have initiated legal proceedings in Saudi to address open aspects or issues" regarding the Award. *See* ECF 11-3 (Email from L. Glenn to D. Nichols and M. Baker, dated 10/9/2018). This was untrue. Swanberg's appeal had been resolved months before, and there was at that time no other court proceeding pending in Saudi Arabia. *See* ECF 18-1 (Decl. of Fahad Al Anazi), ¶ 29, ¶ 31. Of course, Swanberg's untrue excuse provided no justification for refusing to abide by the Award.

Motion at 3-4. Swanberg's repeated refusals to engage in good faith with GHHL in making payment on the Award are, to borrow Justice Sotomayor's choice of words, an "extraordinary circumstance" that fully justifies awarding GHHL's attorney's fees. *See Skandia*, 1996 WL 622559, at *8; *see also Cubic* No, 2013 WL 55828, at *1 & *6 (awarding attorney's fees in analogous circumstances); *Concesionaria Dominicana*, 926 F. Supp. 2d at 3 (same). GHHL is accordingly entitled to recover its attorney's fees under not only the line of authorities cited in GHHL's Motion, but also the line of authorities that Swanberg has itself cited and relied upon.

> **2. Swanberg has failed to specify any argument contained in its opposition briefing that might have been justified—because no argument was justified.**

GHHL showed in its Motion that Swanberg's opposition to confirmation was "without justification," which is a circumstance that justifies awarding attorney's fees in this case. In response, Swanberg does not point to any part of its opposition briefing that might have had

merit. Instead, Swanberg summarily contends it was the victim of an "incredibly biased and unfair process leading to issuance of the Award"—despite the fact Swanberg itself initiated the arbitration on agreed terms. Response at 4, ¶ 18.

Which part of the consensual arbitral process was "incredibly biased" or "unfair" to Swanberg, exactly? Swanberg does not explain. Instead, Swanberg simply "incorporates by reference its Motion to Vacate and First Amended response in Opposition." *Id.* This, of course, is no explanation at all.

Swanberg's hazy gestures to its prior briefing do not overcome GHHL's specific showing that Swanberg's opposition lacked justification. As shown in GHHL's Motion for attorney's fees:

- Swanberg filed a motion requesting that this Court to vacate the Award, even though it later admitted in open court that this court lacked jurisdiction to do so;
- Swanberg's principal argument for refusing confirmation—that the arbitrator was allegedly partial to GHHL—had no foundation in the New York Convention providing the governing standards; and
- Swanberg's argument that the arbitral procedure did not accord with the parties' agreement was refuted by the plain language of the parties arbitration agreement.

*See* Motion at 4-5. Swanberg's arguments against confirmation, however characterized, lacked legal and factual justification. GHHL is accordingly entitled to recover it's attorney's fees. *See Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 284 (5th Cir. 1981) (reversing district court's decision not to award attorney's fees when the challenger's "grounds for attacking an arbitration award, no matter how characterized, [were] without merit").

### 3. Swanberg has failed to provide any explanation for its bad faith conduct.

Independently of the unjustified nature of Swanberg's legal arguments against confirmation, GHHL is entitled to recover its attorney's fees because Swanberg's opposition was in bad faith. Swanberg denies that its opposition was in bad faith, arguing that "taking a position that is not accepted by the Court is not equivalent to engaging in bad faith conduct." *See* Response at 4-5 ¶ 18. But that argument is a straw man because it fails to refute the specific instances of bad faith shown in GHHL's Motion for attorney's fees:

- Swanberg expressly acknowledged the legitimacy of the arbitral process while it was ongoing, but then later repudiated its legitimacy once the Award was issued and Swanberg decided not to accept it.

- Before GHHL hired undersigned counsel to represent its interests, Swanberg repeatedly ignored GHHL's reasonable requests for payment on the Award. It later gave a factually bogus reason to undersigned counsel for why it was refusing to make payment.

- Upon being served with the Petition in this action, Swanberg suddenly launched a legal action in Saudi Arabia that it repeatedly misrepresented to this Court as an "appeal" of the Award, which it was not.

- Only upon direct questioning by this Court, Swanberg admitted that its main argument in opposition to confirmation was simply a rehashed argument that it had already tried and lost in the Saudi courts.

- Swanberg does not dispute that the Award is "Solomonic" and "even-handed." Yet even now it has failed to satisfy any part of its payment obligation under the Award.

*See* Motion at 6-7. Swanberg does not even attempt to explain away these specific evidence of bad faith conduct, because it cannot. In light of Swanberg's bad faith attempts to evade its

obligations under the Award, GHHL is entitled to an award of its attorney's fees.

### B. Swanberg does not dispute the reasonableness of approximately **80%** of GHHL's requested attorney's fees. The remaining 20% of GHHL's attorney's fees are also reasonable and should likewise be awarded.

In the Motion, GHHL provided a detailed accounting of its claimed attorney's fees in this matter, which total $216,647.00. Regarding the reasonableness of this requested fee, Swanberg argues that this amount is "excessive" to the extent it includes "any fees relating to the post-Order judgment proceedings," that is, the proceedings following this Court's August 26, 2019 Order confirming the Award. *See* Response at 5 ¶ 19. Conversely, Swanberg does not challenge the reasonableness of GHHL's claimed attorney's fees through that date, which equal approximately 80% of the total amount claimed.[1]  The reasonableness of the claimed attorney's fees claimed through the date of the Order—$172,127 in total—is thus undisputed and should accordingly be awarded.

In addition, the attorney's fees claimed following entry of this Court's August 26, 2019 Order are also reasonable and should likewise be awarded notwithstanding Swanberg's opposition. Indeed, Swanberg does not contend that any particular time entry after the August 26, 2019 Order was unreasonable in any way—because it cannot. As reflected in the evidence submitted with the Motion (*see* Exhibit 2 to Affidavit of Denton Nichols, ECF 48-1), undersigned counsel was engaged during the post-August 26, 2019 period in preparing for and representing GHHL at a hearing on the final judgment, preparing and filing proposed versions of the final judgment for this Court to consider (the last of which was ultimately entered by the

---

[1] The amount of fees claimed by GHHL for the period between August 27, 2019 (the day after the Court issued its Order confirming the Award) and the present is $44,520. This amount is found by summing the fees reflected in the "Amount Claimed" column between August 27, 2019 and October 18, 2019 (totaling $35,196.00) (*see* Exhibit 2 to Affidavit of Denton Nichols, ECF 48-1), plus the $9,324 in additional estimated hours as set forth in paragraph 14 of the Affidavit of Denton Nichols (ECF 48-1).

Court), and preparing and filing GHHL's Motion for attorney's fees as expressly authorized in the final judgment. All of these activities were performed for the effective representation of GHHL in this matter. Accordingly, GHHL's claimed attorney's fees—and not just the 80% that Swanberg does not even challenge—are all reasonable and should be awarded in full.

## II.  CONCLUSION

An award of attorney's fees is fully justified on the record before this Court. GHHL respectfully requests an award of its attorney's fees in this matter in the amount of US$ 216,647. GHHL further requests all other just relief to which it is entitled.

Dated: November 27, 2019                                   Respectfully submitted,

*/s/ C. Mark Baker*
C. Mark Baker
State Bar No. 01566010
S.D. Tex. Bar No. 993
mark.baker@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Attorney-in-Charge for Petitioner Gulf Haulage Heavy Lift Co.

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Denton Nichols
State Bar No. 24079056
S.D. Tex. Bar. No. 2078406
denton.nichols@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing document was filed with the Court's electronic case filing (ECF) system on the 27th day of November, 2019, which caused an electronic copy of this document to be served on the following counsel of record who have appeared in this matter:

| | |
|---|---|
| **James W. Bartlett, Jr.**<br>State Bar No. 00795238<br>S.D. Tex. Bar No. 19916<br>jbartlett@okinadams.com<br>**Johnie A. Maraist**<br>State Bar No. 24109505<br>S.D. Tex. Bar. No. 3327429<br>jmaraist@okinadams.com<br>OKIN ADAMS LLP<br>1113 Vine St. Suite 240<br>Houston, Texas 77002<br>Tel: (713) 228-4100<br>Fax: (888) 865-2118 | **Christopher L. Ashby**<br>Texas Bar No. 07637550<br>S.D. Tex. Bar No. 18077<br>kit.ashby@ashby-llp.com<br>ASHBY LLP<br>808 Travis Street, Suite 401<br>Houston, Texas 77002<br>Tel: (713) 739-1100<br>Fax: (713) 739-1101 |

                                        */s/ Denton Nichols*
                                        Denton Nichols